IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| ALINDA FAVORS, | |
|---|---|
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:12-CV-00782-TWT-GGB |
| PATRICK R. DONAHOE, Postmaster General, United States Postal Service, Capital Metro Area Agency, | |
| Defendant. | |

## **NON-FINAL REPORT AND RECOMMENDATION**

In this case, Plaintiff Alinda Favors is bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., against her employer, the United States Postal Service. Defendant Patrick R. Donahoe, the Postmaster General, has moved to dismiss Favors's complaint (Doc. 6). For the reasons stated below, I conclude that Favors has exhausted her administrative remedies with respect to her claims involving health benefits, but has failed to exhaust her claim relating to the Postal Service's failure to post certain jobs. Therefore, I **RECOMMEND** that the Postmaster General's Motion to Dismiss (Doc. 6) be **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

When ruling on a motion to dismiss, a court normally considers only the facts alleged in the plaintiff's complaint. Cf. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (stating that a district court "generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."). A court may, however, look at matters outside the complaint to determine if the plaintiff has exhausted administrative remedies, so long as the parties have been given an adequate opportunity to develop the record. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008). In this case, both parties have submitted documentary evidence regarding Favors's internal complaints, and I will consider that evidence in ruling on the motion to dismiss.

Favors works as a mail processing clerk at a postal facility in Atlanta, Georgia. (Doc. 3, Complaint ¶ 7). On April 25, 2011, she filed a request for counseling with the Postal Service's Equal Employment Opportunity ("EEO") Office. (Doc. 6, Desorbo Decl., Exh. 1). That proceeding was docketed under case number 1K-303-0002-11 (the "First EEO Matter").

On the counseling form, Favors asserted that the Postal Service: (1) failed to restore her benefits; (2) charged her for benefits that she did not receive, deducting

money from her paychecks and failing to credit her; (3) granted 72 hours of annual leave when she actually had requested leave without pay; and (4) failed to post available job openings so that career employees could apply for them. (Doc. 6, Desorbo Declaration, Exh. 1). She contended that the Postal Service had taken those actions due to her age, race, color, and physical disability. She also indicated that the Postal Service was retaliating against her in response to an earlier EEO charge that she had filed. (Id.). Attempts to resolve the dispute informally were unsuccessful, and, on July 23, 2011, the EEO counselor notified Favors that she had the right to file a formal complaint within 15 days. (Id., Exh. 2). However, Favors never submitted a formal complaint in the First EEO Matter. (Doc. 6, Desorbo Decl. ¶ 7).

On June 12, 2011, while the First EEO Matter was pending, Favors filed a second request for counseling, which was assigned case number 4K-300-0077-11 (the "Second EEO Matter"). (Id., Exh. 4). On the counseling form, Favors asserted that she had been subjected to retaliation and disability discrimination. She stated that the Postal Service: (1) sent demand letters that erroneously indicated that she owed money to the agency; (2) failed to restore her benefits despite repeated requests; and (3) assigned her to a facility where she was not supposed to work under a settlement agreement in another

3

EEO proceeding. (Id.). Favors's second request for counseling did not include a claim involving job postings or promotions. (See id.).

After going through the counseling process, Favors filed a formal complaint in the Second EEO Matter. (Id., Exh. 5, 6). In her formal complaint, she asserted that the Postal Service: (1) refused to provide her with health care coverage; (2) charged her for benefits that she had not received; and (3) failed to post available job openings. (Id., Exh. 6). On October 21, 2011, the Postal Service dismissed the formal complaint. (Id., Exh. 7). The agency first concluded that the complaint failed to state a claim for relief. (Id. at 2-4). In addition, the agency noted that it had to dismiss the complaint under 29 C.F.R. § 1614.107(a)(1) because Favors had raised the same claims in a prior proceeding (the First EEO Matter). (Id. at 4-5).

On November 10, 2011, Favors appealed the Postal Service's decision in the Second EEO Matter to the Equal Employment Opportunity Commission's Office of Federal Operations ("EEOC"). (Doc. 6, Desorbo Decl. ¶ 12). On March 7, 2012, less than 180 days later, Favors filed the present complaint in federal court. (Doc. 1). On June 19, 2012, the EEOC dismissed Favors's appeal on account of her pending court

4

case.[1] (Doc. 8, Exh. 2, EEOC Decision). Notably, the EEOC issued its decision more than 180 days after Favors filed her appeal.

## II. Discussion

### A. The Administrative Review Process

Federal employees who believe that they have been subjected to discrimination or retaliation must exhaust their administrative remedies before filing a civil action in federal court. Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). The purpose of the exhaustion requirement "'is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer.'" Id. at 1263 (quoting Wade v. Sec'y of the Army, 796 F.2d 1369, 1377 (11th Cir. 1986)). A plaintiff exhausts administrative remedies by making a good-faith effort to comply with the applicable regulations and by conveying to the agency any relevant information in the employee's possession. Id.

The first step in the administrative process is to contact an EEO counselor. 29 C.F.R. § 1614.105(a). If the counselor is unable to resolve the dispute informally, the counselor will notify the employee of her right to file a formal complaint of

---

[1]Under 29 C.F.R. § 1614.409, the filing of a civil action "shall terminate Commission processing of the appeal."

discrimination. 29 C.F.R. § 1614.105(d). The employee then has 15 days to file a formal complaint with the agency. See 29 C.F.R. § 1614.106(b).

If the agency dismisses the formal complaint, the employee has two options as to how to proceed. First, the employee immediately may file a civil action in federal court. 29 C.F.R. § 1614.407(a). Second, the employee may appeal to the EEOC. 29 C.F.R. §§ 1614.401(a), 1614.403. If the employee chooses to appeal to the EEOC, the employee may not file a lawsuit in federal court until: (1) the EEOC has ruled on the appeal; or (2) 180 days have elapsed without any ruling from the EEOC. See 29 C.F.R. § 1614.407(c), (d).

### B. Favors Filed This Civil Action Prematurely, But That Does Not Require Dismissal of Her Case.

The Postal Service dismissed Favors's formal complaint in the Second EEO Matter on October 21, 2012. (Doc. 6, Desorbo Decl., Exh. 7). At that point, Favors could have chosen to file a civil action in federal court. See 29 C.F.R. § 1614.407(a). However, she first elected to appeal her case to the EEOC. (Doc. 6, Desorbo Decl. ¶ 12; Doc. 8, Exh. 2, EEOC Decision). Therefore, Favors had to wait until the EEOC rendered a decision, or until 180 days had passed, before filing a case in federal court. See 29 C.F.R. § 1614.407(c), (d). Neither of those two things had happened by the time that Favors initiated this action on March 7, 2012. (See Doc. 1).

6

Nevertheless, the fact that Favors filed her complaint prematurely does not mean that her case must be dismissed. The Eleventh Circuit's decision in Brown is directly on point. Like Favors, Brown appealed the dismissal of his complaint to the EEOC, but also filed a civil action before 180 days had elapsed. Brown, 440 F.3d at 1261-62. However, Brown did not ask the EEOC to end its investigation, and the EEOC did not dismiss his appeal until after 180 days had passed, which meant that the agency had a full opportunity to investigate his claims. Id. at 1264. Therefore, the Eleventh Circuit concluded that Brown had participated in the administrative process in good faith. Id.

In this case, Favors filed her complaint in federal court prematurely. Nevertheless, the EEOC did not dismiss her appeal until June 19, 2012, more than 180 days after the appeal was filed. (See Doc. 8, Exh. 2, EEOC Decision; Doc. 6, Desorbo Decl. ¶ 12). Because the EEOC had a full opportunity to investigate Favors's claims, I conclude that her premature filing does not require dismissal of her complaint. See Brown, 440 F.3d at 1264.[2]

---

[2]In Brown, unlike in this case, there was evidence that the agency misadvised the plaintiff about the deadline for filing a civil action. Brown, 440 F.3d at 1264. However, the Eleventh Circuit's holding did not turn solely on that particular fact; it was just another indicator of Brown's good faith. See id.

7

**C. Favors Failed To Exhaust Administrative Remedies In The First EEO Matter.**

As noted above, if an EEO counselor is unable to resolve an employee's complaint informally, the employee has 15 days to file a formal complaint with the appropriate agency. See 29 C.F.R. § 1614.106(b). Here, Favors did not file a formal complaint in the First EEO Matter. (See Doc. 6, Desorbo Decl. ¶ 7). Therefore, she failed to exhaust her administrative remedies in that proceeding.

**D. Favors Was Not Precluded From Re-Raising the Same Claims in the Second EEO Matter.**

Under 29 C.F.R. § 1614.107(a)(1), an agency must dismiss a complaint that "states the same claim that is pending before or has been decided by the agency or Commission." The Postal Service notes that all of the claims asserted by Favors in the Second EEO Matter had previously been raised in the First EEO Matter. Therefore, the Postal Service argues that all of those claims were subject to dismissal under § 1614.107(a)(1). The Postal Service contends that Favors could not overcome her failure to exhaust in the First EEO Matter simply by bringing the same claims in a new proceeding.

It is not clear from the language of 29 C.F.R. § 1614.107(a)(1) if that regulation applies when the employee never filed a formal complaint in the earlier EEO matter.

8

Also, it does not appear that any federal court has addressed that precise question. The EEOC has, however, considered that issue.[3]

In a series of cases, the EEOC ruled that § 1614.107(a)(1) applies only where the employee raised the same issues in a prior formal complaint. See, e.g., Powell v. Potter, Appeal No. 01A62000, 2006 WL 1584043, at *1 (EEOC May 31, 2006); Marseilles v. Potter, Appeal No. 01A31886, 2004 WL 1191239, at *3 (EEOC May 20, 2004); Casimier v. Potter, Appeal No. 01A14352, 2002 WL 31781223, at *1 (EEOC Dec. 9, 2002). Those cases found that "[a] prior informal complaint, unlike a formal complaint, does not constitute a pending complaint" under the applicable regulations. Powell, 2006 WL 1584043, at *1; Marseilles, 2004 WL 1191239, at *3. Here, Favors never filed a formal complaint in the First EEO Matter, so 29 C.F.R. § 1614.107(a)(1) did not preclude her from raising the same claims in another complaint.

### E. Favors Did Not Exhaust Her Job-Posting Claim In The Second EEO Matter Because She Did Not Raise That Issue At The Pre-Complaint Counseling Stage.

As noted above, the first step in the administrative process is to contact an EEO counselor. 29 C.F.R. § 1614.105(a). An employee generally must raise all claims at

---

[3]An agency's interpretation of its own regulations is controlling if it is not plainly erroneous or inconsistent with the regulation. U.S. Steel Mining Co. v. Dir., OWCP, 386 F.3d 977, 985 (11th Cir. 2004).

the counseling stage, and cannot raise new claims for the first time in a formal complaint. The regulations provide that:

> Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint . . . that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor.

29 C.F.R. § 1614.107(a)(2).

In this case, Favors asserted in her second request for counseling that the Postal Service: (1) failed to restore her benefits; (2) sent demand letters incorrectly stating that she owed money; and (3) placed her in a facility where she was not supposed to work. (Doc. 6, Desorbo Decl., Exh. 4). She did not raise a claim related to job postings or promotions. (See id.). In addition, Favors's job-postings claim in her formal complaint was not "like or related to" her claims involving benefits or her place of employment in her request for counseling. Favors was not allowed to bypass the pre-complaint counseling stage with respect to that claim. See 29 C.F.R. § 1614.107(a)(2). Because Favors did not request counseling in the Second EEO Matter concerning her job-posting claim, she failed to exhaust her administrative remedies with respect to that claim.

10

**F.  Favors's Request For Counseling in the Second EEO Matter Was Timely With Respect to Her Claims Involving Health Benefits.**

Finally, the Postal Service argues that Favors's request for counseling in the Second EEO Matter was untimely. A federal employee must seek pre-complaint counseling within 45 days of an alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). In her second request for counseling, Favors challenged, among other things, the Postal Service's refusal to reinstate her health benefits, and its decision to charge her for benefits that she had not received. (See Doc. 6-1, Desorbo Decl., Exh. 4).

In determining whether those claims are timely, I must consider whether the Lily Ledbetter Fair Pay Act of 2009, Pub. L. No. 111–2, 123 Stat. 5 (2009), applies. The Fair Pay Act states that an unlawful employment practice occurs

> when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e–5(e)(3)(A). The phrase "discrimination in compensation," as used in the Fair Pay Act, "means paying different wages or providing different benefits to similarly situated employees . . . ." Schuler v. PricewaterhouseCoopers, LLP, 595 F.3d 370, 374 (D.C. Cir. 2010).

11

After thorough consideration, I conclude that both of Favors's claims concerning benefits are timely under the Fair Pay Act. The term "compensation," as used in the Act, is broad enough to encompass claims regarding benefits as well as claims concerning pay. See 42 U.S.C. § 2000e–5(e)(3)(A); cf. Schuler, 595 F.3d at 374 (observing that "discrimination in compensation . . . means paying different wages or providing different benefits to similarly situated employees"). Thus, the employment actions that Favors is challenging are "discriminatory compensation decisions."

The Fair Pay Act states that the limitations period resets each time that the employee is "affected" by a discriminatory compensation decision. 42 U.S.C. § 2000e–5(e)(3)(A). Favors was affected by the Postal Service's refusal to restore her benefits on each occasion that she had to pay for health care on her own. Given Favors's allegations that she has chronic health problems, (see Complaint ¶ 11), it is reasonable to assume that she sought medical care at some point during the 45-day period before her second request for counseling. Thus, the government has not met its burden of showing that Favors's denial-of-benefits claim was untimely. See Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) ("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it."). In addition, it is reasonable to infer that Favors was affected

12

by the Postal Service's decision to charge her for benefits during the 45-day period because the agency deducted money from her paychecks to pay the asserted debt. (See Doc. 6, Desorbo Decl., Exh. 1). Accordingly, I conclude that Favors's second request for counseling was timely filed with respect to both of her claims involving benefits.

### III. Conclusion

After review, I conclude that Favors failed to exhaust administrative remedies with respect to her job-postings claim because she never raised that claim in her second request for counseling. Favors did, however, exhaust her administrative remedies with respect to her claims involving benefits. Accordingly, I **RECOMMEND** that the Postmaster General's Motion to Dismiss (Doc. 6) be **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO RECOMMENDED this 27th day of December, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)